**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
www.usdoj.gov/usao/or

Scott M. Kerin
Assistant U.S. Attorney
Scott.Kerin@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Natalie K. Wight
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

November 15, 2024

Kristen Winemiller
Pacific Northwest Law LLP
333 SW Taylor St., Ste. 300
Portland, OR 97204

      Re:    *United States v. Jorge Jair Alas-Avila,* Case No. 3:23-cr-266-IM
              Amended Plea Agreement

Dear Counsel:

1.     **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.     **Charges**: Defendant agrees to plead guilty to **Count 1** of the Indictment which charges him with **Possession with Intent to Distribute Fentanyl,** in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A).

3.     **Penalties**: The maximum sentence the Court may impose is a term of life imprisonment, fine of $10,000,000, and at least five years of supervised release. There is a potential mandatory minimum sentence of ten years' imprisonment. There is also a $100 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done. Defendant further stipulates to the forfeiture of the assets as set forth below. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

      If defendant is not a citizen of the United States, defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States.

Revised May 2018

U.S. v. *Alas-Avila,* Case No. 3:23-cr-266-IM
Plea Agreement Letter
Page 2

4.  **Dismissal/No Prosecution**: There are no counts to be dismissed. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.  **No Enhancement**: The USAO agrees not to file for a sentencing enhancement under 21 U.S.C. § 851 if a defendant has any prior felony drug convictions.

6.  **Elements and Factual Basis**:

    In order for the defendant to be found guilty of **Count 1** the government must prove the following elements beyond a reasonable doubt:

    A.  First, that on or about July 19, 2023, within the District of Oregon, the defendant knowingly and intentionally possessed more than 400 grams of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and,

    B.  Second, the defendant intended to distribute the controlled substance to another person.

    Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant agrees that he has committed each of the elements of the crime to which defendant is pleading guilty, admits there is a factual basis for defendant's guilty plea, and that the government could prove the elements true beyond a reasonable doubt at trial.

    The defendant admits that he worked as a drug courier for a larger drug trafficking organization. On or about July 19, 2023, law enforcement investigators, after receiving information from an informant that a drug trafficking organization had send a courier with a load of fentanyl from California to Portland, Oregon, were able to locate the suspected load vehicle in the area of 1300 S.W. Park, by Portland State University, in downtown Portland, Oregon. The car was parked on the side of street. A drug detection K-9 was run by vehicle and alerted to the car, indicating the presence of controlled substances inside. As the K-9 alerted on the vehicle, defendant got out of car and was detained. A state search warrant was obtained and executed on the vehicle and investigators found approximately eight (8) kilograms of fentanyl powder, four (4) kilograms (about 40,000 pills) of counterfeit M30 fentanyl pills, four (4) kilograms of Mannitol, and a digital scale. Law enforcement investigators would also testify that the amount of fentanyl seized indicted that it was possessed for purposes of further distribution. Investigators would also testify that Mannitol is used to "cut" (mix with) fentanyl for purposes of further distribution. Fentanyl is a Schedule II controlled substance.

*U.S. v. Alas-Avila,* Case No. 3:23-cr-266-IM
Plea Agreement Letter
Page 3

7.   **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

8.   **Relevant Conduct**: The parties agree that defendant's relevant conduct, pursuant to U.S.S.G. §§ 1B1.3 and 2D1.1(a), includes approximately 12 kilograms of fentanyl for an initial **Base Offense Level of 36**.

9.   **"Safety Valve" Adjustment**: If the Court determines that defendant's case satisfies the "safety valve" criteria in 18 U.S.C. § 3553(f) and U.S.S.G. § 2D1.1(b)(18), the government will recommend a **two-level downward departure** in defendant's Sentencing Guidelines range. By making any such recommendation, the government does not waive any objection to the Court's determination that the criteria in 18 U.S.C. § 3553(f) and U.S.S.G. § 2D1.1(b)(18) have been satisfied.

10.  **Role Adjustment:**

   A.   Based upon the defendant's role in the offense, the government believes the defendant qualifies for a four-level role reduction for conduct that can be described as a **minimal participant**, pursuant to U.S.S.G. § 3B1.2(a). Defendant is free to seek an additional role adjustment.

   B.   **U.S.S.G. § 2D1.1 Reduction**: Should the defendant qualify for a Role Reduction, pursuant to U.S.S.G. § 3B1.2, the defendant's Base Offense may be decreased by additional levels, pursuant to U.S.S.G. § 2D1.1(a)(5).

   - If defendant's Base Offense Level is 32, he should receive an additional decrease of two levels.

   - If defendant's Base Offense Level is 34 or 36, he should receive an additional decrease of three levels.

   - If defendant's Base Offense Level is 38, he should receive an additional decrease of four levels.

11.  **Zero-Point Offenders**: If the Court determines that defendant qualifies as a "Zero Point Offender," pursuant to U.S.S.G. § 4C1.1, the parties will recommend a **two-level downward departure** in defendant's Sentencing Guidelines range.

*U.S. v. Alas-Avila,* Case No. 3:23-cr-266-IM
Plea Agreement Letter
Page 4

12. **Guidelines Calculations are Estimates Only**: The guideline calculations above are set forth as estimates only and the parties understand that the final guideline calculations and Criminal History Category will be determined by the Court following the receipt of a Presentence Report and these initial estimates are not binding upon the parties. There is no agreement as to the defendant's criminal history or the applicability of any other Sentencing Guideline adjustments.

13. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a **three-level reduction** in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

13. **3553(a) Variance**: Pursuant to 18 U.S.C. § 3553(a), based upon the history and characteristics of the defendant, the defendant's resolution of the case without seeking the disclosure of the informant that formed the basis of locating the defendant, and the nature of the instant offense, and to achieve a fair and just resolution of the case, the government will recommend that the Court to grant the defendant a **three-level downward variance** in his overall offense level.

14. **Sentencing Recommendation**: Pursuant to 18 U.S.C. § 3553(a), the parties will recommend a sentence of 30 months' imprisonment, as long as defendant demonstrates an acceptance of responsibility as explained above, to be followed by a term of supervised release.

15. **Additional Departures, Adjustments, or Variances**:

   A. The **USAO agrees not to seek any upward departures, adjustments, or variances** to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement.

   B. **Defendant reserves the right to seek a downward departure, adjustment, or variance** from the applicable sentencing guideline range determined by the Court and understands that the government reserves its right to oppose such a request.

   C. Defendant agrees that, should defendant seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and

*U.S. v. Alas-Avila,* Case No. 3:23-cr-266-IM
Plea Agreement Letter
Page 5

        Probation Office, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

16. **Forfeiture of Property**:

   A. **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 21 U.S.C. § 853, that constitute the proceeds of defendant's criminal activity or were used to facilitate defendant's criminal activity in violation of 21 U.S.C. § 841(a)(1) as set forth in Count 1 of the Indictment.

   B. **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which has been or may be initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

   C. **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

   D. **Title Assistance**: Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

*U.S. v. Alas-Avila,* Case No. 3:23-cr-266-IM
Plea Agreement Letter
Page 6

E. **Assets Not Identified**: The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

F. **Final Order of Forfeiture**: Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

G. **Abandonment**: Defendant, in signing this agreement, hereby **abandons any and all interest to any of the property seized as part of the investigation** that led to his indictment.

17. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that [any of] defendant's conviction(s) under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

18. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

19. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

*U.S. v. Alas-Avila,* Case No. 3:23-cr-266-IM
Plea Agreement Letter
Page 7

20.     **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

21.     **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

                                Sincerely,

                                NATALIE K. WIGHT
                                United States Attorney

                                /s/ *Scott Kerin*

                                SCOTT M. KERIN
                                Assistant United States Attorney

Revised May 2018

U.S. v. *Alas-Avila,* Case No. 3:23-cr-266-IM
Plea Agreement Letter
Page 8

## **Acceptance of Plea Agreement**

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

1/29/25
Date

Jorge Jair Alas-Avila
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

Jan 29, 2025
Date

Kristen Winemiller
Attorney for Defendant

I fully and accurately translated this agreement to the above-named defendant as the interpreter in this case. I fully and accurately interpreted discussions between the defendant and the attorney.

1/29/25
Date

Interpreter (if necessary)

Revised May 2018